UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ISOVOLTA INC., | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:08-cv-1319-JMS-DML |
| | ) | |
| PROTRANS INT'L, INC., *et al.*, | ) | |
| *Defendants.* | ) | |

## ORDER ON ISOVOLTA'S MOTION
## FOR SUMMARY JUDGMENT ON PROTRANS' AFFIRMATIVE DEFENSES

Presently before the Court is Plaintiff Isovolta Inc.'s ("Isovolta") Motion for Summary Judgment on ProTrans' Affirmative Defenses 18, 21, 22, and 23. [Dkt. 127.]

Isovolta filed a breach of contract claim against Defendant ProTrans International, Inc. ("ProTrans") after Isovolta's goods were damaged while in ProTrans' possession pursuant to a bailment contract. The parties' contract incorporates a common law negligence standard for ProTrans' liability for damage to the goods. [Dkt. 79 at 9.] Isovolta now moves for summary judgment on ProTrans' comparative-fault-based affirmative defenses, arguing that comparative negligence is not a defense to a breach of contract claim and that Isovolta should not be allowed to argue that others are at fault for Isovolta's loss. [Dkt. 127.]

### STANDARD

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. When evaluating a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).

Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. at 323. The key inquiry is the existence of evidence to support a plaintiff's claims or affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

**DISCUSSION**

## I. The Court's September 2009 Order

Isovolta previously sought partial summary judgment on ProTrans' liability under the parties' contract. [Dkt. 32.] As stated in the Court's order on that motion, the parties disagree very little about the underlying facts:

> Isovolta paid ProTrans both for the right to store goods in a warehouse that ProTrans leased and for related storage services. In March 2008, one of the warehouse's emergency sprinklers malfunctioned,[1] dousing Isovolta's goods with water and thereby damaging them. In the weeks thereafter, two other sprinklers malfunctioned (but apparently in areas without any Isovolta goods).

> . . . ProTrans claims that the sprinklers malfunctioned (1) because of the negligence of Firecheck of Texas, Inc. ("Firecheck"), which installed and maintained the sprinklers, and/or (2) because of the negligence of the company that manufactured them. To prevent any further mishaps, all the sprinklers in the warehouse were replaced in October 2008, an effort that has apparently proven successful.

> A written contract governed the parties' relationship. A dispute exists over which party "drafted" it. Isovolta says that it is a form contract that ProTrans supplied. But ProTrans points out, correctly, that Isovolta has offered no evi-

---

[1] The parties have different theories about what caused the sprinkler to activate in the absence of fire. The sprinkler's manufacturer, Defendant Tyco Fire Products, denies that its product malfunctioned. The Court's statement in its September 2009 order was not a finding that the sprinkler malfunctioned and should not be construed as such.

dence on that point.  In any event, neither party disputes the existence of the contractual terms at issue in this case . . . .

[Dkt. 79 at 2 (citations omitted).]

The legal dispute in Isovolta's previous summary judgment motion turned on the applicable standard of care that ProTrans was contractually obligated to exercise with respect to Isovolta's goods.  [*Id.* at 3.]  Isovolta argued that ProTrans contractually agreed to assume strict liability for any damage to the goods, but ProTrans argued that it only assumed liability for its own negligence.  Both parties relied on various contract provisions to support their positions:

| *Provisions Isovolta Cites* | *Provisions ProTrans Cites* |
|---|---|
| • **Specialized Handling Requirements:**  ProTrans shall ensure that [Isovolta's] goods are not damaged during handling, storage, and shipping while within the ProTrans facility.  [Dkt. 34-1 at 8.] | • **Insurance/Liability**… ProTrans shall not be liable for any loss or injury to goods however caused unless such loss or injury results from the negligence or willful misconduct of ProTrans or its agents or employees.  [*Id.* at 5.] |
| • **Specialized Storage Requirements:**  Material must be…kept clean, dry and out of contact with direct sunlight.  [*Id.* at 8.] | • **Indemnity**… ProTrans shall defend, indemnify, and hold harmless [Isovolta] from and against all loss, damage, [and] expense…for damage to property arising out of or in connection with ProTrans' negligence or failure to comply with the terms of this Agreement.  [*Id.* at 3.] |
| | • **Equipment ownership and maintenance at warehouse:**  … ProTrans shall be responsible for ongoing maintenance to facilities and equipment so as to assure the quality of service and reasonable care of [Isovolta's] goods contained in the facility.  [*Id.* at 8.] |

After analyzing and synthesizing the contract provisions to avoid surplusage, the Court concluded that ProTrans did not assume strict liability for damage to Isovolta's goods.  [Dkt. 79

at 7.] Rather, "for Isovolta to recover under its contract claim for damage to its goods, Isovolta must establish 'the negligence or willful misconduct of ProTrans or its agents or employees.'" [*Id.* (quoting dkt. 34-1 at 5).]

## II. Can ProTrans Argue that Others Caused Isovolta's Loss?

Isovolta and ProTrans disagree about the effect of the Court's previous order regarding ProTrans' duty of care. Isovolta does not challenge the Court's holding but argues that "[t]he defense of comparative fault is not available in a contract action" and, therefore, Isovolta is entitled to summary judgment on ProTrans' affirmative defenses that other parties and non-parties caused Isovolta's damages. [Dkt. 128 at 2.] ProTrans argues that bailment principles apply and that it is entitled to defend against Isovolta's claim by arguing that other parties or non-parties were responsible for the damage. [Dkt. 140 at 2.] Even if bailment principles do not apply, Pro-Trans argues that it is still allowed to blame others for Isovolta's loss because Isovolta's claim "more closely resembles" a negligence claim. [Dkt. 140 at 9.]

The Court finds that Isovolta's claim constitutes a breach of contract claim. The contract memorialized the parties' relationship and specified, among other things, the applicable standard of care that governed ProTrans' possession of Isovolta's goods—a common law negligence standard. If ProTrans failed to comply with the standard of care for which the parties contracted, and its failure caused Isovolta's damage, Protrans breached the contract and is liable for that breach.

Nonetheless, labeling Isovolta's claim a breach of contract claim does not preclude Pro-Trans from arguing that it is entirely without fault for Isovolta's loss. To prove its claim against ProTrans, Isovolta must prove that ProTrans' "breach of contract was a responsible cause of those damages." Ind. Model Civil Jury Instructions 3309 (2010). In this respect, the "principle of legal causation in contracts is similar to that in negligence." *Fowler v. Campbell*, 612 N.E.2d 596, 602 (Ind. Ct. App. 1993) (citing Farnsworth, *Farnsworth on Contracts* § 12.1 at 148

(1990)). So if ProTrans didn't breach the contract—that is, if it exercised reasonable care—it could not be the responsible cause for the damage. Likewise, if ProTrans did breach by behaving negligently but the evidence establishes that its negligence wasn't a cause-in-fact of the damage to Isovolta's product, it also isn't liable. ProTrans is free to argue that the conduct of others entirely caused Isovolta's loss.

What ProTrans cannot do, however, is argue that while it is partially responsible for Isovolta's damages, others are responsible too. In other words, ProTrans cannot accept some of the fault while attempting to push the rest onto others. *See Fowler*, 612 N.E.2d at 602 ("[I]n a breach of contract action, where an injury arising from the breach may have resulted from multiple causes, Indiana does not recognize comparative causation."). If the jury finds that ProTrans breached the contract and that its breach was a responsible cause of Isovolta's damages, even if there were other responsible causes, ProTrans will be liable for all of the damages the parties reasonably anticipated when they entered into the contract.[2] Ind. Model Civil Jury Instructions 3309 (2010); *see also* Ind. Model Civil Jury Instructions 3313 (2010) (recommending the jury be instructed that if defendant breached the contract, the measure of plaintiff's damages is the amount that would put plaintiff in the same position it would have been in had the contract been fulfilled).

The cases ProTrans relies on support the Court's conclusion. [Dkt. 140 at 5-7.] In those cases, the trial court entered judgment in favor of the bailee because the bailee did not cause the loss. *See United Farm Family Ins. Co. v. Riverside Auto Sales*, 753 N.E.2d 681, 684 (Ind. Ct. App. 2001) (affirming trial court's judgment in favor of bailee because although cause of fire unknown, bailee did not cause fire); *General Plating & Eng'g v. Syn Indus.*, 472 N.E.2d 1290

---

[2] Principles of set-off may come into play because at least one defendant has settled with Isovolta, but the parties have not briefed that issue and it will not be addressed at this time.

(Ind. Ct. App. 1985) (affirming trial court's judgment that bailee was not negligent before the fire because, an arsonist set the fire and the bailee exercised the applicable standard of care to prevent the loss). Moreover, as *Riverside Auto* notes, "[i]n the absence of a bailment contract creating absolute liability the bailee can rebut the inference of negligence by presenting evidence tending to prove the loss, damage, or theft was occasioned <u>without his fault [or] neglect</u>." 753 N.E.2d at 685 (emphasis added).

The Court has already held that the contract did not create absolute liability for ProTrans, that ProTrans has produced sufficient evidence from which a jury could reasonably infer that it was not negligent, and that the burden has shifted to Isovolta to prove its claim. [Dkt. 79 at 9.] Therefore, Isovolta must prove to the jury that ProTrans breached the contract, which will require Isovolta to prove that ProTrans failed to satisfy the negligence-based standard of care incorporated in the contract.[3]

<b>CONCLUSION</b>

Isovolta's claim against ProTrans is for breach of the bailment contract. Although Pro-Trans can argue that it was not a responsible cause of the loss, if the jury finds that ProTrans breached the contract and was a responsible cause of the loss, ProTrans will be liable for all damages the parties reasonably anticipated when they entered into the contract, regardless of whether others were also at fault. Because ProTrans can argue that it was not a responsible cause of Isovolta's loss, Isovolta's Motion for Summary Judgment on ProTrans' affirmative defenses is **DENIED**. [Dkt. 127.] But, to be clear, no comparative fault verdict form will be submitted to the jury on Isovolta's claim against ProTrans.

---

[3] As detailed in a separate entry issued today on ProTrans' and Isovolta's cross-motions for summary judgment, issues of material fact exist regarding whether or not ProTrans satisfied the duties it assumed under the contract.

01/13/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Scott J. Brown
CASSIDAY SCHADE LLP
sjb@cassiday.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

Eric K. Habig
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ehabig@scopelitis.com

Lia M. Hanson
STUART & BRANIGIN LLP
lmh@stuartlaw.com

Katharine Hoyne Hosty
CASSIDAY & SCHADE LLP
khh@cassiday.com

Brent Emerson Inabnit
SOPKO NUSSBAUM INABNIT & KACZMAREK
brenti@sni-law.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bjk@cassiday.com

John Mathews Stuckey
STUART & BRANIGIN LLP
jms@stuartlaw.com

Emily J. O. Sullivan
SHOOK HARDY & BACON L.L.P.
ejsullivan@shb.com

R. Kent Warren
SHOOK HARDY & BACON LLP
rwarren@shb.com

Stanley  Yorsz
BUCHANAN INGERSOLL & ROONEY PC
stanley.yorsz@bipc.com