UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ISOVOLTA INC., | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1319-JMS-DML |
| | ) | |
| PROTRANS INT'L, INC., | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER ON PROTRANS' MOTION TO RECONSIDER

Presently pending before the Court is Defendant ProTrans International, Inc.'s ("ProTrans") Motion to Reconsider. [Dkt. 280.] ProTrans asks the Court to reconsider its ruling granting Plaintiff Isovolta Inc.'s ("Isovolta") Motion in Limine to exclude evidence of remedial measures former defendant Firecheck of Texas, Inc. ("Firecheck") took to replace sprinklers after they discharged in the absence of fire, damaging Isovolta's goods.

### I.
### STANDARD OF REVIEW

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011). A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence

that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## II.
### DISCUSSION

ProTrans asks the Court to reconsider its ruling on the motion in limine barring evidence of a subsequent remedial measure former defendant Firecheck took because it is concerned that the Court misapprehended its reason for seeking to introduce this evidence. Specifically, ProTrans does not seek to introduce this evidence to prove that any other party is negligent but, instead, to show that ProTrans was <u>not</u> negligent. [Dkt. 280 at 2-3.]

ProTrans cites *United States Fidelity v. Plovidba* in support of its position. 683 F.2d 1022 (7th Cir. 1982). In *Plovidba*, the Seventh Circuit Court of Appeals allowed a defendant to submit evidence of a subsequent remedial measure a former defendant took after an accident. *Id.* at 1029. The Seventh Circuit held that admitting that evidence did not violate Federal Rule of Evidence 407 because it was not being admitted to prove negligence but, instead, to disprove negligence. "The only one who could have complained about the admission of this evidence was the [former defendant], who is not a party, and is not objecting." *Id.* Isovolta ignores *Plovidba* in response to ProTrans' motion.

The Court agrees with ProTrans that, pursuant to *Plovidba*, evidence that Firecheck replaced the sprinklers after the incident that damaged Isovolta's goods is admissible at trial because it is not being admitted to prove the negligence of a party. While Isovolta argues that admitting the evidence is likely to confuse the jury, [dkt. 285 at 2], the Court disagrees. The Court agrees with Isovolta, however, that if ProTrans chooses to present this evidence, Isovolta is free to cross-examine ProTrans' witnesses regarding the apparent failure to demand that the sprinklers be replaced before the incident.

## III.
### CONCLUSION

For these reasons, the Court **GRANTS** ProTrans' Motion to Reconsider. [Dkt. 280.] If ProTrans chooses to present evidence of Firecheck's subsequent remedial measures, however, Isovolta will be allowed to cross-examine ProTrans' witnesses regarding the apparent failure to demand that the sprinklers be replaced before the incident.

05/19/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Scott J. Brown
CASSIDAY SCHADE LLP
sjb@cassiday.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

Eric K. Habig
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ehabig@scopelitis.com

Lia M. Hanson
STUART & BRANIGIN LLP
lmh@stuartlaw.com

Katharine Hoyne Hosty
CASSIDAY & SCHADE LLP
khh@cassiday.com

Brent Emerson Inabnit
SOPKO NUSSBAUM INABNIT & KACZMAREK
brenti@sni-law.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bjk@cassiday.com

John Mathews Stuckey
STUART & BRANIGIN LLP
jms@stuartlaw.com

Emily J. O. Sullivan
SHOOK HARDY & BACON L.L.P.
ejsullivan@shb.com

R. Kent Warren
SHOOK HARDY & BACON LLP
rwarren@shb.com

Stanley Yorsz
BUCHANAN INGERSOLL & ROONEY PC
stanley.yorsz@bipc.com