UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ISOVOLTA INC., )
    *Plaintiff*, )
)
*vs*. ) 1:08-cv-1319-JMS-DML
)
PROTRANS INT'L, INC., )
    *Defendant.* )
)

## **ORDER DENYING TYCO'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Presently pending before the Court is Tyco Fire Products, LP's ("Tyco") Motion for Entry of Final Judgment as to Tyco. [Dkt. 313.] Tyco does not assert whether any other party to this action objects to its request.

The Court has the power to enter final judgment under Federal Rule of Civil Procedure 54(b) when an action presents more than one claim for relief or when multiple parties are involved, but "only if the court expressly determines that there is no just reason for delay." Although the Court has this power, it is not a duty. *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004). Entering an order under Rule 54(b) permits piecemeal appeals, which are disfavored in the federal system. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999).

Tyco previously requested that the Court enter final judgment on Plaintiff Isovolta, Inc.'s ("Isovolta") claims against it, [dkt. 238], but the Court denied that request, [dkt. 258]. Tyco asserts that an entry of final judgment as to it is now appropriate because all claims against Tyco have been adjudicated and a jury trial has already occurred on the remaining claims between Isovolta and Defendant ProTrans International, Inc. ("ProTrans"). [Dkt. 313 at 2.] What Tyco fails to acknowledge, however, is that since the Isovolta-ProTrans trial, Isovolta has moved for attor-

ney fees and costs that it believes it is entitled to under its contract with ProTrans. [Dkt. 308.] That motion is not yet fully briefed, and resolution of that issue remains outstanding.

Isovolta previously indicated that it may appeal the Court's order granting summary judgment in favor of Tyco. [Dkt. 239 at 2.] If the Court were to grant Tyco's motion for entry of final judgment, it is possible that multiple appeals would come from this factually interrelated case. Because the federal system disfavors piecemeal appeals and the Court anticipates an expeditious resolution of Isovolta's contractual fee request when that matter is ripe, the Court finds that there are just reasons for delay and **DENIES** Tyco's motion for entry of final judgment as to Tyco. [Dkt. 313.]

07/21/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Scott J. Brown
CASSIDAY SCHADE LLP
sjb@cassiday.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

Eric K. Habig
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ehabig@scopelitis.com

Lia M. Hanson
STUART & BRANIGIN LLP
lmh@stuartlaw.com

Katharine Hoyne Hosty
CASSIDAY & SCHADE LLP

khh@cassiday.com

Brent Emerson Inabnit
SOPKO NUSSBAUM INABNIT & KACZMAREK
brenti@sni-law.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bjk@cassiday.com

John Mathews Stuckey
STUART & BRANIGIN LLP
jms@stuartlaw.com

Emily J. O. Sullivan
SHOOK HARDY & BACON L.L.P.
ejsullivan@shb.com

Stanley Yorsz
BUCHANAN INGERSOLL & ROONEY PC
stanley.yorsz@bipc.com